UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-10-483 |
| | § | |
| ROBERT DOUGLAS DEWITT | § | |
| Defendant. | § | |

## PLEA AGREEMENT

The United States of America, by and through José Angel Moreno, United States Attorney

for the Southern District of Texas and Demetrius K. Bivins, Special Assistant United States

Attorney, and the defendant, Robert Douglas Dewitt, the defendant's counsel, Philip Gallagher,

pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, state that they have

entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.       The defendant agrees to plead guilty to Count One of the Indictment.  Count One

charges the Defendant with Transfer of Obscene Material to a Minor, in violation of Title 18, United

States Code, Section 1470.  The defendant, by entering this plea agrees that he is waiving any right

to have the facts that the law makes essential to the punishment charged in the indictment, or proved

to a jury or proven beyond a reasonable

### Punishment Range

2.       The statutory penalty for Count One a violation of Title 18, United States Code,

Section 1470 is imprisonment for not more than ten (10) years and a fine of not more than

$250,000.00.    Additionally,   the defendant may receive a term of supervised release after

imprisonment of at least two (2) years up to three (3) years. Title 18, U.S.C. §§ 3559(a) and 3583(b). Defendant acknowledges and understands that if he/she should violate the conditions of any period of supervised release which may be imposed as part of his/her sentence, then defendant may be imprisoned without credit for time already served on the term of supervised release prior to such violation. Title 18, U.S.C. §§ 3559(a) and 3583(e). Defendant understands that he/she cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

3.     The defendant understands that by pleading guilty, the defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements. The defendant understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep such information current in the jurisdictions where the defendant resides, is employed, and is a student. The defendant further understands that the requirement to keep the registration current includes informing such jurisdictions not later than three (3) business days after any change of the defendant's name, residence, employment or student status. The defendant also understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, specifically, Title 18, United States Code, Section 2250, as well as applicable state statutes

### Mandatory Special Assessment

4.     Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after sentencing, defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money

2

order payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Fine and Reimbursement

5.    Defendant understands that under the Sentencing Guidelines, the Court is permitted to order the defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release; if any, is ordered.

6.    Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately, and defendant will not attempt to avoid or delay payment. Defendant is aware that there is a victim in this case. As of this date, there has not been a demand for restitution; however, the victim may seek restitution pursuant to Title 18, U.S.C. §§ 3663A, 3663 and 2259 and the Court may order restitution.

7.    Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500) prior to sentencing if he is requested to do so.   In the event that the Court imposes a fine or orders the payment of restitution as part of the Defendant's sentence, the Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following his/her sentencing.

## Waiver of Appeal

8.    Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant agrees to waive the right to appeal the sentence imposed or the manner in which it was determined. Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her

conviction or sentence by means of any post-conviction proceeding.

9.      In agreeing to these waivers, defendant is aware that a sentence has not yet been determined by the Court. The defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his/her counsel, the United States or the Probation Office, is a prediction, not a promise, **did not induce his/her guilty plea**, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

10.     The Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

## The United States' Agreements

11.     The United States agrees to each of the following:

(a)     At the time of sentencing, the United States agrees not to oppose defendant's anticipated request to the Court and the United States Probation Office that he/she receive a two (2) level downward adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the defendant accept responsibility as contemplated by the Sentencing Guidelines.

(b)     If the defendant qualifies for an adjustment under U.S.S.G. Section 3E1.1(a), the United States agrees not to oppose the defendant's request for an additional one level departure based on the timeliness of the plea or the expeditious manner in which the

defendant provided complete information regarding his role in the offense if the defendant's offense level is 16 or greater.

(c)    If the Defendant persists in his plea of guilty, the United States will dismiss the remaining counts of the Indictment at sentencing.

## United States' Non-Waiver of Appeal

12.    The United States reserves the right to carry out its responsibilities under the sentencing guidelines.  Specifically, the United States reserves the right:

(a)    to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)    to set forth or dispute sentencing factors or facts material to sentencing;

(c)    to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;

(d)    to file a pleading relating to these issues, in accordance with U.S.S.G. Section 6A1.2 and Title 18, U.S.C. § 3553(a); and,

(e)    to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

13.    Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a).  Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing

Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

14.    Defendant represents to the Court that he/she is satisfied that his/her attorney has rendered effective assistance. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)    If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b)    At a trial, the United States would be required to present witnesses and other evidence against the defendant.  Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them.  In turn, the defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf.   If the witnesses for defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court.

(c)    At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, he/she could testify on his/her own behalf.

### Factual Basis for Guilty Plea

15.    Defendant is pleading guilty because he/she is guilty of the charges contained in Count One of the Indictment. If this case were to proceed to trial, the United States could prove each

6

element of the offense beyond a reasonable doubt.  The parties agree that this factual basis does not include all relevant conduct that may be considered by the Court for sentencing purposes.  The following facts, among others would be offered to establish the Defendant's guilt:

On May 12, 2010, ICE-HSI  received a request for investigative assistance from Fort Bend County Sheriff (FBCSO) regarding a possible child pornography case. On March 24, 2010 the FBCSO was contacted by  Mrs. Hernandez,  who informed them that her 13 year old daughter was inappropriately involved with a 20 year old male, later identified as the defendant, **Robert Dewitt**. Mrs. Hernandez stated that her husband had found a nude picture of their daughter on their computer and when confronted the daughter stated that she sent it to her MySpace friend. The MySpace friend was later identified as **Robert Dewitt**, a soldier at Ft. Leonard Wood, Missouri.  Also, Mrs. Hernandez informed them that she had intercepted a letter sent through regular mail from Private **Dewitt** addressed to her daughter.

On March 25, 2010,  Mrs. Hernandez  contacted military officials at  Fort Leonard Wood, Missouri and advised them that **Robert Dewitt** was in an inappropriate relationship with her 13-year-old daughter. On  March 26, 2010, Army CID was notified and SA Lang interviewed **Dewitt**. The defendant waived his Miranda's warnings,  agreed to an interview, and consented to a search of his mobile phone. SA Lang searched **Dewitt's** phone and discovered sexually explicit photos of a child. The photos were subsequently identified as  images of Mrs. Hernandez's daughter, the victim.

During his interview, **Dewitt** stated that around August of 2009 he sent a friend request on MySpace to the victim. The victim was 12 years old at the time; however, her profile on MySpace stated her was18. After a couple of weeks, **Dewitt** and the victim started communicating by both

phone and computer. During those conversations, the victim informed **Dewitt** that she was 12 years old. **Dewitt** informed her that it was okay to continue their friendship/relationship. In the interview, **Dewitt** stated that he sent 10 to 15 photos to the victim, seven of them depicted his genitalia and that in turn he received 10 photos, six of which were nude photos of the victim. A forensic examination of the Hernandez's computer indicated he requested and encouraged her to send sexually explicit pictures to him. The ICE-HSI investigation determined that **Dewitt** used a mobile phone to talk, to txt and to send photos and videos to the victim.

The victim was interviewed on separate occasions by FBCSO and ICE-HSI, she confirmed that **Dewitt** had knowledge of her true age, that **Dewitt** requested sexually explicit photos from her and that **Dewitt** sent her sexually explicit images of himself to include videos of him masturbating. The victims date of birth is October 10, 1996. The victim was 12 when the relationship began and 13 at the time **Dewitt** solicited sexually explicit images from the victim and transferred sexually explicit images and videos of himself to her.

The forensic examination of the Hernandez computer and the mobile phone of **Dewitt** recovered the exchange of sexual images and videos, provocative txt and electronic mail, and music with sexual content during the period of January 8, 2010 through February 23, 23, 2010. Among the files that could be recovered, the examinations discovered the following:

> On January 14, 2010, **Dewitt** sent three videos of himself masturbating and at least four nude photos.
> On January 17, 2010, **Dewitt** sent another group of five videos of himself masturbating.
> On January 26, 2010, **Dewitt** sent one video of himself masturbating and ejaculating.
> On February 10, 2010, **Dewitt** sent two videos of himself masturbating.

At all times relevant to the indictment, the victim resided and received the obscene materials in Fort Bend County within the Southern District of Texas. At all times relevant to the indictment,

the defendant resided in Oklahoma and later Fort Leonard Wood, Missouri and he utilized the internet and a mobile communication device to communicate and to exchange images, videos, txt messages, music and electronic mail with the victim.

## Breach of Plea Agreement

16.     If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand.  If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then may move the Court to set aside the guilty plea and reinstate prosecution.  Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

17.     Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

## Complete Agreement

18.     This written plea agreement, consisting of 12 pages, including the attached addendum of defendant and his/her attorney, constitutes the complete plea agreement between the United States, defendant and his/her counsel.  No promises or representations have been made by the United States except as set forth in writing in this plea agreement.  Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

9

19.    Any modification of this plea agreement must be in writing and signed by all parties.


Filed at Houston, Texas, on ____9/28/10____ , 2010.


_____
Robert Douglas Dewitt
Defendant


Subscribed and sworn to before me on ____September 28____ , 2010

DAVID J. BRADLEY, Clerk
UNITED STATES DISTRICT CLERK


By:  _____
Deputy United States District Clerk


APPROVED:

JOSE ANGEL MORENO
United States Attorney

By:  _____          _____
Demetrius K. Biyins                              Philip Gallagher
Special Assistant United States Attorney         Attorney for Defendant


10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-10-483 |
| | § | |
| ROBERT DOUGLAS DEWITT | § | |
| Defendant. | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant his/her rights with respect to the pending Indictment. I have reviewed the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> and <u>Policy Statements</u> and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Philip Gallagher
Attorney for Defendant

_____9/28/10_____
Date

11

I have consulted with my attorney and fully understand all my rights with respect to the Indictment pending against me.  My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's <u>Guidelines Manual</u> which may apply in my case.  I have read and carefully reviewed every part of this plea agreement with my attorney.  I understand this agreement and I voluntarily agree to its terms.


_____          _____
Robert Douglas Dewitt          Date
Defendant